Jones, J.
From the statement of the case it will be noted that this was an application made by an employe under the authority of thei Workmen’s Compensation Act. Although at first denied, it was finally allowed in favor of the widow. The plaintiff here seeks to avail itself of the right to review this action of the Industrial Commission under the authority of Section 871-38, General Code. The section provides:
“Any employer or other person in interest being dissatisfied with any order of the Commission may commence an action in the Supreme Court of Ohio against the Commission as defendant to set aside, vacate or amend any such order on the ground that the order is unreasonable or unlawful and the Supreme Court is hereby authorized and vested with exclusive jurisdiction to hear and determine such action.”
*188 This section is part of the Industrial Commission Act, passed March 12,1913 (103 Ohio Laws, 95), and an examination thereof discloses that it is wholly independent in its purpose and remedies from the Workmen’s Compensation Act, passed February 26, .1913, although contained in the same volume of the session reports. The orders specified in Section 871-38, General Code, relate to places of employment and to safeguards touching the life, health, and safety of employes. When coming within the sphere of that act an employer has the right to seek the jurisdiction of this court to review any orders made in pursuance thereof, but it has no right to invoke the jurisdjiction of this court under the section quoted to review an award made by the Industrial Commission under the Workmen’s Compensation Act. This point was decided in the per curiam opinion in Gatton v. Industrial Commission, 93 Ohio St., 203, at page 207, 112 N. E., 503, at page 504, wherein it was stated that—
“The proceeding authorized by this section [871-38] is manifestly one which calls in question the reasonableness or lawfulness of an order of the Industrial Commission touching the matters referred to in the preceding sections.”
The principle is analogous here. Since the employe may. not avail himself of that section, as a “person in interest,” to test the legality of an award made him by the Commission, the employer has not the right to invoke the jurisdiction of this court for the same purpose. In the GaMon case we sustained the demurrer to the original petition, for the reasons stated, and we now adhere to the decision then made.
*189 Plaintiff further complains that the Ohio Workmen’s Compensation Law deprives.it of the guaranties of the equal protection and due process clauses of the federal and state Constitutions. Section 1, Article XIV, of the former, provides that no state shall deprive any person of property without due process of law, nor deny any person within its jurisdiction the equal protection of the laws, while Section 16, Article I, of the Ohio Constitution, provides that all courts shall be open to every person for an injury done him, and he shall have remedy by due course of law.
It is argued that Section 1465-90, General Code, deprives the plaintiff of these guaranties. This section is part of the Workmen’s Compensation Act, gives full power and authority to the Commission to determine all questions within its jurisdiction, and stipulates that its decisions shall be final, with the proviso that “in case the final action of such Commission denies the right of the claimant to participate at all or to continue to participate in such fund on the ground that the injury was self-inflicted or on the ground that the accident did not arise in the course of employment, or upon any other ground going to the basis of the claimant’s right,” the employe claimant has a right to appeal to the common pleas court for a trial of .those issues going to the basis of the claimant’s right to compensation. Neither this nor any other section, however, gives the right of appeal to the employer should the decision of the Commission be adverse to it.
In the Ohio act the Industrial Commission grants an award to the employe in stipulated statutory amounts, depending upon death or disability. The amount of such compensation ascertained by the *190 Commission must be paid by the self-insured employer within 10 days after receiving notice. Were Section 1465-90, General Code, the sole one under consideration, the plaintiff employer might urge that it neither had the equal protection of the law nor a remedy in due course, since that section grants the employe an appeal to a judicial tribunal in case the Commission denies his right to participate, and provides no remedy for either appeal or review upon the part of his employer. However, in our view, Section 27 of the Workmen’s Compensation Act (Section 1465-74, General Code), enacted in 103 Ohio Laws, 82, provides an ample and adequate remedy to the employer on all jurisdictional facts, which the Commission must first determine before making an award for compensation. This section provides that, in the event of the failure, neglect, or refusal of the employer to pay the ascertained compensation to the person entitled thereto within 10 days, “the same shall constitute a liquidated claim for damages against such employer in the amount so ascertained and fixed by the board, which with an added penalty of fifty per centum, may be recovered in an action in the name of the state for the benefit of the person or persons entitled to the same.”
Any defense that the employer may have touching the right of the claimant to participate may be made in an action brought in the name of the state for the benefit of the person entitled to the compensation. This view was expressed in the case of Fassig v. State, 95 Ohio St., 232, at page 242, 116 N. E., 104, at page 107, wherein the opinion states that, in an action so brought against the employer to recover the amount so ascertained and fixed, the defendant employer is entitled to a trial by jury, and is “en *191 titled to make the defense that he is not an employer of five or more employes, etc.; that the injury to the beneficiary was not received in the course of employment, or that it was willfully self-inflicted; or he might show that he had paid his premium into the insurance fund. The defense that he would not be entitled to make in the case simply goes to the amount of compensation, for that is fixed pursuant to the statute.” In this connection it might be stated also that the employer could make the defense that the death did not, in fact, result from the injuries alleged to have been sustained.
We are of the opinion, therefore, that, by Section 1465-74, General Code, the employer has a full, complete, and adequate remedy in due course of law under the Ohio Workmen’s Compensation Act. (Hawkins v. Bleakly, 243 U. S., 210, 37 Sup. Ct., 255, 61 L. Ed., 678, Ann. Cas., 1917D, 637.) In Fassig v. State, ex rel., supra, this remedy was in fact employed by the employer. .
. The point here under discussion is analogous to that raised and decided in Taylor v. Crawford, 72 Ohio St., 560-570, 74 N. E., 1065, 69 L. R. A., 805. Having decided, however, that Section 871-38, General Code, does not invest this court with jurisdiction to vacate or amend an award made under the Workmen’s Compensation Act, naturally we need not consider the other legal questions urged by counsel for plaintiff in this cause.
The demurrer to the amended petition will be sustained, and the petition dismissed.

Demurrer sustained and petition dismissed.

Wanamaker, Matthias, Day and Allen, JJ., concur.